

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00213-CR

**KOREY ALLEN PARKER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 82nd District Court
### Falls County, Texas
### Trial Court No. 8624

## MEMORANDUM OPINION

Korey Allen Parker was convicted of burglary of a habitation. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). He was sentenced to twenty years in prison. We affirm.

Randy Deiterich came home early from work one day and noticed a car parked along the country road on which Deiterich lived. When he pulled into his driveway, he saw Parker look around from the back of a corner of Deiterich's house. Parker was in the area of the back door. Parker then fled, running through pastures and jumping over barbed-wire fences. While Parker was running, Deiterich saw that Parker had a pry bar

in his hand. Deiterich then repositioned himself in his vehicle near the parked car. When Parker ran to the parked car, Deiterich saw that Parker no longer had the pry bar and had pulled his shirt off and over his head. Parker got into the car and drove away. He was soon caught in another town.

When Deiterich approached the back door of his house, he found several items from his house in a bag outside of the house where Parker had been seen. A rifle of Deiterich's that had been in a case in the house was also outside, leaning against the house in the same area where Parker had been seen.

The Falls County Sheriff and two deputies arrived at Deiterich's house. No one had a camera, so no pictures of the scene or property were taken at that time. One of the deputies noticed pry marks on the back door of Deiterich's house. Because of the texture of the door, it was not dusted for prints. Deiterich's property was taken to the Falls County Sheriff's Office and dusted for prints. No readable prints were found. Later in the week, when the deputy went back to take pictures of the door damaged during the burglary, Deiterich had already replaced the door. The deputy took a picture of the damaged door which was then leaning against Deiterich's garage.

In one issue, Parker argues that the evidence is legally insufficient to prove that he committed burglary of a habitation because there was no direct evidence that he entered Deiterich's house. When reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443

U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct evidence of the elements of the offense is not required. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). Further, juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Id*. at 14-15. Circumstantial evidence alone can be sufficient to establish guilt. *Id*. at 15.

In reviewing the evidence under the appropriate standard, we find the evidence legally sufficient to support Parker's conviction for burglary of a habitation. Parker's sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed October 6, 2010
Do not publish
[CR25]